UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE BROWN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BRAIN DUFFY, et al.,<br><br>　　　　　Defendants. | No.  2:18-cv-02494-TLN-CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983 that was removed from state court.  By order filed May 24, 2019, the undersigned screened plaintiff's complaint and dismissed it with leave to amend. ECF No. 6.  On September 25, 2019 the court issued Findings and Recommendations that this case be dismissed without prejudice based on plaintiff's failure to file an amended complaint. ECF No. 15.  However, plaintiff filed a first amended complaint on October 2, 2019.  ECF No. 16.  Currently pending before the court is defendants' motion to strike the first amended complaint or, in the alternative, to screen the complaint pursuant to 28 U.S.C. § 1915A.  ECF No. 18.  For the reasons outlined below, the undersigned  recommends granting defendants' motion to strike, in part, and further recommends dismissing plaintiff's first amended complaint without further leave to amend.

/////

**I.      Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court will independently dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). However, before the court could screen plaintiff's first amended complaint, defendant filed a motion to strike the complaint on the basis that it was untimely filed. ECF No. 18.

**II.     Allegations in the First Amended Complaint**

Although the allegations are sparse, it appears to the court that plaintiff contends that defendants opened his confidential correspondence to unknown individuals and/or entities outside of his presence. Although plaintiff alleges several specific dates on which his mail was opened or tampered with, he does not identify which defendant was involved on each occasion or in what capacity.

**III.    Legal Standards**

As plaintiff was previously advised, the Turner v. Safley, 482 U.S. 78, 89 (1987), standard applies to regulations and practices concerning all correspondence between prisoners as well as to regulations concerning incoming mail received by prisoners from non-prisoners. Thornburgh v. Abbott, 490 U.S. 401, 413 (1989). Moreover, isolated incidents of mail interference or tampering will not support a claim under section 1983 for violation of plaintiff's constitutional rights. See Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999) (temporary delay or isolated incident of delay of mail does not violate a prisoner's First Amendment rights).

**IV.    Analysis**

The court has reviewed plaintiff's first amended complaint and finds that it fails to state a claim upon which relief can be granted under federal law. The court finds that the allegations do not establish a First Amendment violation. Plaintiff's first amended complaint does not challenge a regulation or practice concerning the handling of his mail. Instead, his allegations suggest

isolated incidents of mail interference, none of which rise to the level of a constitutional violation. See Turner, 482 U.S. 78. Furthermore, plaintiff has not been able to link any of the named defendants to the asserted violations despite being granted leave to amend in order to do so. See Johnson v. Duffy, 588 F.3d 740, 743-44 (9th Cir. 1978) (discussing "requisite causal connection" in section 1983 cases between named defendant and claimed injury); Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."). Plaintiff's conclusory claim lacks the requisite level of specificity to impose liability on any one defendant. For all these reasons, the undersigned recommends dismissing plaintiff's first amended complaint for failing to state a claim.

**V.     Leave to Amend**

If the court finds that a complaint or claim should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citation omitted). However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06.

In light of plaintiff's failures to provide additional information about his claim despite specific instructions from the court, the undersigned finds that further leave to amend would be futile and the first amended complaint should be dismissed without leave to amend. Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."). Here, the allegations in the first amended complaint are even less-detailed and more conclusory than plaintiff's original complaint. Nor has plaintiff explained how supervisory defendants or grievance administrators are liable under 42 U.S.C. § 1983 for the alleged constitutional violations. See ECF No. 6 at 3-4. For these reasons, the undersigned

3

recommends denying further leave to amend the complaint.

### VI.  Plain Language Summary for Pro Se Party

The following information is meant to explain this order in plain English and is not intended as legal advice.

It is recommended that your complaint be dismissed because it fails to state any cognizable claim for relief.  Allowing you to further amend the complaint would be futile because you were not able to cure any of the previously identified deficiencies with the original complaint.  As a result, it is recommended that you not be granted further leave to amend your complaint and that this civil action be closed.  If you disagree with this recommendation, you have 14 days to explain why it is not the correct result.  Label your explanation as "Objections to the Magistrate Judge's Findings and Recommendations."

In accordance with the above, IT IS HEREBY ORDERED that the Findings and Recommendations issued on September 25, 2019 (ECF No. 15) are vacated based on plaintiff's subsequent filing of a first amended complaint.

IT IS FURTHER RECOMMENDED that:

1.  Defendants' amended motion to strike plaintiff's first amended complaint (ECF No. 18) be granted in part and denied in part.  The motion should be granted to the extent that it requests screening of plaintiff's first amended complaint.

2.  Plaintiff's first amended complaint (ECF No. 16) be dismissed without leave to amend.

3.  The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to

1 | appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

2 | Dated: April 17, 2020

/s/ Carolyn K. Delaney
_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

10 | 12/brow2494.F&R&MTD.docx